UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| KESHAWN HOLLOMAN, individually, ) <br> and as father of minor N. J. M. H ) <br> and N. M.B. individually, and as mother ) <br> of minor N. J. M. H. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> SARAH HOSS, E. ADKINS, ) <br> and BRITTANY GRAHAM ) <br> ) <br> ) <br> Defendants. ) <br> ) | Case No. 24-1162-EFM-GEB |

## **NOTICE AND REPORT AND RECOMMENDATION OF DISMISSAL**

This matter is before the Court on Plaintiffs' Motions to Proceed Without Prepayment of Fees (ECF Nos. 4 & 5, *sealed*) and supporting Affidavits of Financial Status (ECF Nos. 4-1 & 5-1, *sealed*). Since Plaintiffs subsequently paid the filing fee, **the Court DENIES Plaintiffs' Motions (ECF Nos. 4 & 5, *sealed*) as MOOT**. However, upon careful screening of the Complaint **(ECF No. 1)**, as previously required by 28 U.S.C. § 1915(e)(2)(B), and subsequently under Fed. R. Civ. P. 12(b), the Court **RECOMMENDS** the District Judge **DISMISS** all claims without prejudice because the Court lacks subject-matter jurisdiction and the Complaint fails to state a claim upon which relief can be granted.[1]

---

[1] 28 U.S.C. § 636(b)(1)(B).

**I.     Notice**

Within fourteen (14) days after a party is served with a copy of this Report and Recommendation, any party may, pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2), file written objections to this Report and Recommendation. A party must file any objections within the fourteen-day period if the party wants to have appellate review of the proposed findings of fact, conclusions of law, or recommended disposition.

**II.    Background[2]**

The factual allegations in Plaintiffs' Complaint assert on or about September 13, 2024, Plaintiffs were preparing to leave the hospital with their newborn child when they were approached by Defendants. Defendant Sarah Hoss then removed the newborn child from the hospital room and placed the child in police protective custody due to the "runaway" status of the mother. Upon repeated requests by Plaintiffs, Sarah Hoss declined to place the child in the care of the biological father or other present family members. Plaintiffs allege this removal occurred without just cause, a warrant, notice, or a hearing in violation of their substantive and procedural due process rights.

Three days later, on September 16, 2024, Plaintiffs, in their pro se status, filed a Complaint in this Court against Sarah Hoss, a social worker in her individual capacity, E. Adkins, a Wichita Police Officer, in his individual capacity, and Brittany Graham, a Sedgwick County Sheriff's Officer, in her individual capacity. They allege in Counts I-III

---

[2] Unless otherwise indicated, the information recited in this section is taken from the Complaint (ECF No. 1). This background information should not be construed as judicial findings or factual determinations.

violations of their constitutional rights under the Fourth and Fourteenth Amendments when Defendants, acting under state law, took Plaintiffs' newborn child into police protective custody. The Complaint further alleges in Counts IV and V Parental Alienation and Intentional Interference with Parental Rights in violation of K.S.A. 21-5409 when Defendants took the child into protective custody. Plaintiffs pray for compensatory and punitive damages, injunctive relief in the form of returning Plaintiffs' child, cessation of the state action, costs, and in their pro se status, for attorney fees pursuant to 42 U.S.C. § 1988.

Also on September 16, 2024, along with the Complaint, Plaintiffs filed Motions to Proceed Without Prepayment of Fees. (ECF Nos. 4 & 5, *sealed*.) While the matter was under review with the Court, on November 22, 2024, Defendant Sarah Hoss filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(5) on the grounds of insufficient service and lack of personal jurisdiction, and alternatively a Motion to Strike Plaintiff's Complaint pursuant to Fed. R. Civ. P. 11(a) for failure to sign their Complaint.

It should be noted on December 26, 2024, Plaintiffs paid the filing fee. Since, Plaintiffs paid the filing fee before the Court could rule on the pending Motions in this matter to date, the Court finds their request to be relieved of paying the filing fee as moot. As such, Plaintiff's Motions **(ECF Nos. 4 & 5, sealed) are DENIED as MOOT.**

When a plaintiff makes an *in forma pauperis* request, 28 U.S.C. § 1915(e)(2)(B) requires the Court to screen the complaint. The purpose of screening is "the prevention of

abusive or capricious litigation.[3]" Under 28 U.S.C. § 1915(e)(2)(B)(ii), *sua sponte* dismissal is required if the Court determines the action fails to state a claim upon which relief may be granted. Plaintiffs' payment of the filing fee has, in effect, relieved the Court of this screening obligation. That said, had the Court fully screened the Complaint, a recommendation for dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii) would have been made. In light of such procedural changes, the Court now recommends *sua sponte* dismissal of Plaintiffs' Complaint under Fed. R. Civ. P. 12(b)(1) & (6) for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

### III. Report and Recommendation of Dismissal

Although dismissals pursuant to Fed. R. Civ. P. 12(b)(6) typically follow a motion to dismiss, and allow plaintiffs notice and opportunity to amend their complaint, *sua sponte* dismissal is proper "when it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing [them] an opportunity to amend [their] complaint would be futile."[4] Upon review of Plaintiffs' Complaint under the Fed. R. Civ. P. 12(b)(6) standard, it appears Plaintiffs' claims are outside the subject matter jurisdiction of this Court and the relief requested from this Court is unattainable. Under this standard, Plaintiffs' Complaint "must allege sufficient facts to state a claim which is plausible—*rather than merely*

---

[3] *Harris v. Campbell*, 804 F. Supp. 153, 155 (D. Kan. 1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989) (citing language contained in § 1915(d), prior to the statute's amendment in 1996)).
[4] *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir. 1991) (citing *McKinney v. Oklahoma*, 925 F.2d 363, 365 (10th Cir.1991).

*conceivable*—on its face."[5] "Factual allegations in a complaint must be enough to raise a right to relief above the speculative level."[6]

Because Plaintiffs proceed *pro se*, their pleadings must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers.[7] However, Plaintiffs still bear the burden to allege "sufficient facts on which a recognized legal claim could be based."[8] And, the Court cannot take on the responsibility of "serving as [plaintiffs'] attorney in constructing arguments and searching the record"[9] or supplying "additional factual allegations to round out a plaintiff's complaint or construct a legal theory on [plaintiffs] behalf."[10]

Here, Plaintiffs assert Defendant Sarah Hoss, neither provided Plaintiffs with notice or a hearing regarding the custody issue, nor did Defendants provide the legal basis for immediate removal.[11] But Plaintiffs' Complaint lacks sufficient factual detail describing the actions each Defendant took in violation of their federal civil rights. It is apparent, with the liberalist construction of their pleadings, Plaintiffs wish to set aside a custodial order in

---

[5] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).
[6] *Twombly*, 550 U.S. at 555.
[7] *Hunt v. Lamb*, No. 06-4083-JAR, 2006 WL 2726808, at *2 (D. Kan. Sept. 22, 2006) (citing *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991)).
[8] *Hall*, 935 F. 2d at 1110.
[9] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005)).
[10] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted), *cert. denied*, 130 S. Ct. 1142 (2010) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997)).
[11] *Id*.

state court.[12] Aside from monetary damages of a compensatory and punitive nature, Plaintiffs' Complaint requests the newborn child be returned to their custody and further legal proceedings in state court cease.[13]

Because Plaintiffs' Complaint concerns a state court action, likely a custodial judgment; temporary or otherwise, the Court lacks subject matter jurisdiction at this time. Perhaps unbeknownst to Plaintiffs, federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[14] Although Plaintiffs' claims are couched under the guise of violations of their federal civil rights, the pleadings demonstrate this is a matter that arose in state court and, on the facts this Court has seen this far, may still be pending there. For this Court to resolve Plaintiffs' claims by setting aside any custodial decree and terminating further legal action, it must make a finding the Defendants acted contrary to law when removing the child from the natural parents' custody, pursuant to an order. In this instance, both the *Younger* abstention doctrine and the *Rooker-Feldman* doctrine deprive this Court of the legal authority to take such action.

---

[12] *See, e.g., Hunt*, 2006 WL 2726808, at *2 (liberally construing plaintiff's civil rights complaint to be a "collateral attack on the state court's rulings in child custody and child support matters.").
[13] ECF No. 1 at 4.
[14] *Watson v. Missouri,* No. 15-9930-JAR, 2016 WL 1359868, at *2 (D. Kan. April 6, 2016) (citing *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) and *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995)).

### A.     *Younger* Abstention Doctrine

The *Younger* abstention doctrine precludes federal courts from interfering in pending state court proceedings.[15] In determining whether *Younger* abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies."[16] "Once these three conditions are met, *Younger* abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain."[17]

Where Plaintiffs fail to allege the status of any custodial proceedings, the Court can make no defining determination as to the first factor. But if the proceedings do remain ongoing in any capacity, the Court finds the second factor - whether the state court provides an adequate forum for Plaintiffs' federal claims – satisfied because the matter complained of apparently originated in state court.[18] As to the third factor, the Court finds such proceedings regarding the placement of a newborn child in the custody of an entity other

---

[15] *Hunt*, 2006 WL 2726808, at *2 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).
[16] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003) (quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotations omitted)). *See Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009).
[17] *Crown Point I*, 319 F.3d at 1215 (citing *Seneca-Cayuga Tribe of Okla. v. Okla. ex rel. Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)).
[18] *See Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) (citing *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) and *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987)); *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1266 (D. Kan. 2008) (holding that plaintiff made no argument why the Kansas state courts could not entertain his constitutional claims arising from a child custody proceeding).

than their natural parents concerns important state interests.[19] In fact, the United States Supreme Court has observed "[f]amily relations are a traditional area of state concern,"[20] weighing heavily in favor of abstention.[21] The custodial action complained of here allows this Court to infer a custody order, other than with the natural parents, is in place. And, even if any state court proceedings remain ongoing, this Court must abstain from interfering with those proceedings under the *Younger* abstention doctrine.

The Court may, however, decline to abstain under *Younger* when extraordinary circumstances are present, such as "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown."[22] But Plaintiffs must meet a "'heavy burden' to overcome the bar of *Younger* abstention [and must set] forth more than mere allegations of bad faith or harassment."[23] A review of Plaintiffs' Complaint shows no allegations establishing extraordinary circumstances sufficient for the Court to decline to abstain under *Younger*, though the alleged actions were swift and upsetting to Plaintiffs.[24] Thus, to the extent the matter leading to the removal of

---

[19] *Escalante v. Escalante*, No. 23-2176-KHV, 2023 WL 11872503, at *3 (D. Kan. Oct. 30, 2023); *Flagg v. Kansas Dep't of Child. & Fam. Servs.*, No. 21-1281-JAR, 2022 WL 1421541, at *5 (D. Kan. May 5, 2022).
[20] *Moore v. Sims*, 442 U.S. 415, 435 (1979). *See also Morrow v. Wilson*, 94 F.3d 1386, 1393 (10th Cir. 1996) (ordering *Younger* abstention when plaintiff sought to enjoin ongoing state adoption proceedings).
[21] *Fisher*, 531 F. Supp. 2d 1253, 1267 (D. Kan. 2008).
[22] *Perez v. Ledesma*, 401 U.S. 82, 85 (1971). *See Younger*, 401 U.S. at 54; *Phelps v. Hamilton*, 59 F.3d 1058, 1064–68 (10th Cir. 1995).
[23] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (quoting *Phelps*, 59 F.3d at 1066). *See also Amanatullah*, 187 F.3d at 1165.
[24] *See, e.g., Ysais v. Children Youth & Family Dep't*, 353 F. App'x 159, 160 (10th Cir. 2009) (finding no extraordinary circumstances present where plaintiff alleged misleading evidence was produced,

the child from Plaintiffs' custody, and any related enforcement or custodial proceedings, or appeals, remain ongoing, the *Younger* abstention doctrine anticipates dismissal of Plaintiffs' Complaint.[25]

### B.     *Rooker-Feldman Doctrine*

Conversely, in the event the state action is in trial court judgment status, the *Rooker-Feldman* doctrine prevents the Court from hearing what would amount to an appeal of a state court judgment.[26] "[A] federal district court cannot review matters actually decided by a state court, nor can it issue 'any declaratory relief that is inextricably intertwined with the state court judgment.'"[27] Notably, the *Rooker-Feldman* doctrine only applies to a *final* conclusion in state court. This Court does not have sufficient information to determine the finality of the Kansas state court matter. Though Plaintiffs characterize their claims as violations of their federal civil rights, such claims are found to be "inextricably intertwined

---

no proper investigation was performed, and defendants engaged in conspiracy to terminate his parental rights); *Watson*, 2016 WL 1359868, at *3 (finding no extraordinary circumstances); *Hunt*, 2006 WL 2726808, at *3 (same).

[25] *See, e.g., Alfaro v. Cnty. of Arapahoe*, 766 F. App'x 657, 661 (10th Cir. 2019) (unpublished) (holding the district court properly concluded that *Younger* abstention would apply to the plaintiff's claims for constitutional violations in connection with state-court divorce and child-custody proceedings, to the extent that the state-court proceedings were ongoing). *Hunt*, 2006 WL 2726808, at *2-3 (dismissing civil rights complaint challenging a state court's ruling in child custody and support matters pursuant to *Younger*).

[26] *See Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (under *Rooker-Feldman*, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.") (internal citations omitted). *See also Barnes v. Kansas ex rel. Sec'y Dep't of Soc. & Rehab. Servs.*, No. 04-1382-WEB, 2005 WL 1563443, at *1 (D. Kan. June 30, 2005) (explaining *Rooker-Feldman* doctrine).

[27] *Fellows v. State of Kan.*, No. 04-4131-JAR, 2005 WL 752129, at *3 (D. Kan. Mar. 31, 2005) (citing *Kiowa Indian Tribe of Okla. v. Hoover,* 150 F.3d 1163, 1169 (10th Cir. 1998) (quotations and citations omitted)).

if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it."[28] Here, Plaintiffs' current federal claims assert Defendants violated, their federal civil rights by "seizing" their child without notice or a hearing.[29] As previously stated, Plaintiffs request their custody as the natural parents be restored and further legal proceedings cease.[30] This relief would require the Court find the state court's custodial decision was wrongly conducted and decided. Thus, the *Rooker-Feldman* doctrine would also bar this Court's review of such a state court decision and dismissal of the Complaint would be appropriate.[31]

### C. Additional Deficiencies

Aside from the legal doctrines precluding federal jurisdiction over the state court matters alleged in their Complaint, Plaintiffs' claims have other deficiencies. For example, Plaintiffs' claims against Defendants asserting violations of K.S.A. 21-5409 are improper as brought by private citizens.[32] While Plaintiffs have characterized Defendants' actions as criminal in nature, they have no authority to bring forth an action under K.S.A. 21-5409, a state criminal statue. Regardless of whether Plaintiffs' federal civil rights claims were

---

[28] *Id.* (citing *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995) (citation omitted)).
[29] ECF No. 1 at 3.
[30] ECF No. 1 at 4.
[31] *See, e.g., Shophar v. United States*, 838 F. App'x 328, 332 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 2519 (2021); *Johnson v. Domestic Rels. Sec.*, No. 18-1294-JWB, 2019 WL 1915563, at *2 (D. Kan. Apr. 30, 2019); *Barnes*, 2005 WL 1563443, at *1-2 (dismissing Plaintiff's complaint seeking to set aside state court paternity and child support orders based on lack of subject-matter jurisdiction pursuant to *Rooker-Feldman* doctrine).
[32] *Noel v. Elliot*, No. 12-3116-SAC, 2012 WL 2120761, at *1 (D. Kan. June 12, 2012) ("As a private citizen, plaintiff simply has no authority to prosecute criminal charges.") (citing *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) and *Mamer v. Collie Club of America, Inc.*, 229 F.3d 1164, *2 (Table) (10th Cir. 2000)("private citizens cannot prosecute criminal actions")).

permitted to proceed, Counts IV and V should be dismissed for failure to state a claim where relief can be granted.

While a *pro se* litigant proceeding *in forma pauperis* is normally allowed an opportunity to amend a complaint to overcome any deficiencies, leave need not be granted if amendment would be futile.[33] Based on the above lack of subject matter jurisdiction and failures to state a civil claim for relief, the Court finds any possible amendment to address these deficiencies would be futile and therefore recommends any subsequent requests to amend the Complaint, based in the same set of facts described herein, be denied.[34]

## IV.    Conclusion

After careful review and being mindful Plaintiffs proceed on a *pro se* basis, the Court finds Plaintiffs fail to allege a basis for this Court to assume subject matter jurisdiction over the claims in their Complaint, and they fail to state a claim upon which relief can be granted. Therefore, it is recommended Plaintiffs' complaint in its entirety be dismissed for lack of subject matter jurisdiction and failure to state a claim. Further, since Plaintiffs made a payment of the filing fee, their Motions are denied as moot.

**IT IS THEREFORE ORDERED** Plaintiffs' Motions (**ECF Nos. 4 & 5, sealed**) are **DENIED AS MOOT**.

---

[33] *Watson*, 2016 WL 1359868, at *6 (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010); *Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1389 (10th Cir.1980)).

[34] *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("*sue sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). *See, e.g., Barnes*, 2005 WL 1563443, at *1-2 (declining to allow amendment on basis of futility because court lacks subject-matter jurisdiction); *Watson*, 2016 WL 1359868, at *6 (same).

**IT IS FURTHER RECOMMENDED** Plaintiffs' Complaint **(ECF No. 1)** be **DISMISSED** without prejudice for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

Dated this 8th day of January 2025 at Wichita, Kansas.

s/ Gwynne E. Birzer  
GWYNNE E. BIRZER  
United States Magistrate Judge